J-S05033-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CHARLES LEONARD HAKES, | : | |
| | : | |
| Appellant | : | No. 1575 MDA 2019 |

Appeal from the Judgment of Sentence Entered August 29, 2019
in the Court of Common Pleas of Bradford County
Criminal Division at No(s):  CP-08-CR-0000848-2018

BEFORE:  SHOGAN, J., KUNSELMAN, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:                    **FILED APRIL 21, 2020**

Charles Leonard Hakes ("Hakes") appeals from the judgment of sentence imposed following his conviction of corruption of minors, graded as a felony of the third degree ("COM – Felony").[1]  We reverse the conviction, vacate the judgment of sentence, and discharge Hakes.

Hakes was arrested and charged with multiple counts of involuntary deviate sexual intercourse with a child ("IDSI"), aggravated indecent assault of a child,[2] and COM – Felony, following allegations of sexual abuse made by his granddaughter.

On April 2, 2019, a jury found Hakes guilty of one count of COM – Felony, and not guilty of all counts of IDSI and aggravated indecent assault

---

[1] **See** 18 Pa.C.S.A. § 6301(a)(1)(ii).

[2] **See** 18 Pa.C.S.A. §§ 3123(b), 3125(b).

of a child. The trial court deferred sentencing and ordered the preparation of a pre-sentence investigation report. The trial court subsequently sentenced Hakes to a term of 11½ to 23 months in prison, followed by 37 months of probation.[3] The trial court also ordered Hakes to pay a $500 fine.

Hakes filed a timely Notice of Appeal and a court-ordered Pa.R.A.P. 1925(b) Concise Statement of errors complained of on appeal.

Hakes now presents the following questions for our review:

> I. Whether the jury's verdict on the charge of [COM – Felony] was supported by sufficient evidence since a material element of the offense was the commission of a Chapter [31[4]] sex crime offense that [Hakes] was acquitted of[?]
>
> II. [Whether] the court erred in sentencing [Hakes] on a [COM – Felony] charge[?]

Brief for Appellant at VII (some capitalization omitted; footnote added).

We will address Hakes's claims together. First, Hakes cites ***Commonwealth v. Baker-Myers***, 210 A.3d 1093 (Pa. Super. 2019) (*en*

---

[3] The original Sentencing Order addressed only the count of COM – Felony for which Hakes was convicted. On September 26, 2019, the trial court entered an Order clarifying that, upon agreement by the parties, the remaining four counts of COM – Felony were dismissed prior to the start of trial.

[4] ***See*** 18 Pa.C.S.A. §§ 3121-3131.

*banc*), ***appeal granted***, 221 A.3d 182 (Pa. 2019),[5] and avers that the evidence was insufficient to support his conviction of COM – Felony, because the jury found him not guilty of each of the predicate Chapter 31 sexual offenses for which he was charged. ***Id.*** at 9, 13. Hakes also points out that he was never charged with corruption of minors as a misdemeanor, nor was the jury instructed that it is a lesser-included offense of COM – Felony. ***Id.*** at 9. In his second claim, Hakes argues that the trial court improperly imposed a sentence for COM – Felony, where the conviction was not supported by sufficient evidence.[6] ***Id.*** at 13-14.

We observe the following standard of review:

> The standard we apply in reviewing the sufficiency of the evidence is whether[,] viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth

---

[5] This Court issued the ***Baker-Myers*** decision on May 21, 2019, after Hayes was convicted, but prior to the scheduled sentencing hearing. Accordingly, the trial court rescheduled the sentencing hearing, and permitted both parties to file briefs relevant to the issue of whether the ***Baker-Myers*** decision would affect Hakes's sentencing.

[6] Hakes includes in his appellate brief a separate Statement of reasons for allowance of appeal, pursuant to Pa.R.A.P. 2119(f). ***See*** Brief for Appellant at 8. However, Hakes's claim does not challenge the discretionary aspects of his sentence.

may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the finder of fact, while passing upon the credibility of witnesses and the weight of the evidence produced[,] is free to believe all, part or none of the evidence.

*Commonwealth v. Talbert*, 129 A.3d 536, 542-43 (Pa. Super. 2015) (citation omitted).

The Crimes Code defines the offense of COM – Felony, in relevant part, as follows:

Whoever, being of the age of 18 years and upwards, by any course of conduct in violation of Chapter 31 (relating to sexual offenses) corrupts or tends to corrupt the morals of any minor less than 18 years of age, or who aids, abets, entices or encourages any such minor in the commission of an offense under Chapter 31 commits a felony of the third degree.

18 Pa.C.S.A. § 6301(a)(1)(ii). "In other words, the jury must find, *inter alia*, that a defendant acted 'in violation of Chapter 31 (relating to sexual offenses).'" *Baker-Myers*, 210 A.3d at 1095 (citing 18 Pa.C.S.A. § 6301(a)(1)(ii)).

This Court has recently addressed whether a conviction of COM – Felony could be sustained where the jury had acquitted the defendant of the Chapter 31 sexual offenses:

While we have not identified any authority directly on this issue, a review of an analogous case, *Commonwealth v. Magliocco*, 584 Pa. 244, 883 A.2d 479 (2005), guides our analysis. In *Magliocco*, a jury convicted the defendant of Ethnic Intimidation, but did not convict him of Terroristic Threats. The Ethnic Intimidation statue requires, *inter alia*, that the Commonwealth prove that the defendant committed Terroristic

- 4 -

Threats and did so "with malicious intention toward the race, color, religion, or national origin of another individual or group of individuals." 18 Pa.C.S. § 2710(a). The Supreme Court concluded that since the Commonwealth charged and prosecuted [a]ppellant with the predicate offense of Terroristic Threats, but failed to obtain a conviction, the evidence was insufficient to convict the defendant of Ethnic Intimidation. *Id.* at 493.

Analogously, in the instant case, the Commonwealth charged and prosecuted [a]ppellant for COM – Felony and the Sexual Offenses, but failed to obtain a conviction on any of the Sexual Offenses. By acquitting [the a]ppellant of the Chapter 31 Sexual Offenses, the jury found that the Commonwealth had failed to establish beyond a reasonable doubt that [the a]ppellant acted "in violation of Chapter 31." Thus, because the jury found that [the a]ppellant had not acted "in violation of Chapter 31," an essential element of COM – Felony, the Commonwealth was unable to establish every element of COM – Felony. *See Magliocco*, *supra* at 493 (reiterating that to "secure a conviction for any crime, the Commonwealth must prove all necessary elements beyond a reasonable doubt."); *see also* [*Commonwealth v.*] *Miller*, 172 A.3d [632,] 640 [(Pa. Super. 2017)].

*Baker-Myers*, 210 A.3d at 1096 (some brackets omitted).

Here, the trial court attempts to distinguish this case from *Baker-Myers* on the basis that the criminal information filed in *Baker-Myers* charged the defendant with COM – Felony, which it defined as "any course of conduct related to sexual offenses." Sentencing Opinion, 8/28/19, at 2. In contrast, the trial court notes that its jury instruction concerning COM – Felony in the instant case required the jury to find beyond a reasonable doubt that the defendant engaged in a course of conduct constituting IDSI or aggravated indecent assault of a child. *Id.* at 2, 4. The trial court also explained that the jury submitted a question, specifically asking whether, in light of this instruction, it could find him guilty of COM – Felony if it found him not guilty

of IDSI and aggravated indecent assault of a child. *Id.* at 4. The trial court answered that "[e]ach verdict is independent of each other. You must determine whether the elements of each count have been proven beyond a reasonable doubt." *Id.* (citing Question #2). The trial court therefore submits that the jury was clear that it was required to find the elements of IDSI or aggravated indecent assault of a child, and its finding of guilt as to COM – Felony necessarily included a finding of a violation of Chapter 31. *Id.* at 4; *see id.* at 5 (stating that "because the verdict was rendered knowingly by the jury after inquiry into this very issue of inconsistent verdicts, this court does not attach any significance to the not guilty verdicts in this case insofar as they related to or undermine the guilty verdict for [COM – Felony]."). The trial court's attempts to distinguish this case are unavailing.

This case is directly controlled by the *en banc* Court's decision in **Baker-Myers**, and we cannot agree with the trial court's proposition that that the jury's question concerning inconsistent verdicts requires a different result. The jury acquitted Hakes of all Chapter 31 sexual offenses. Thus, the Commonwealth failed to establish, beyond a reasonable doubt, an essential element of COM – Felony. **See Baker-Myers**, 210 A.3d at 1096. Accordingly, we reverse Hakes's conviction of COM – Felony, vacate the judgment of sentence, and discharge Hakes.[7]

---

[7] Because there are no remaining convictions, we need not remand for resentencing.

Conviction reversed. Judgment of sentence vacated. Appellant is discharged. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 04/21/2020